MENOMINEE LOAN & BUILDING ASSOCIATION *v.* LOVELL.

BUILDING AND LOAN ASSOCIATIONS — MORTGAGES — DEFENSES — IMPROPER CONDUCT OF BUSINESS—ULTRA VIRES.

    While a stockholder in a building and loan association has a right to insist that its business shall be conducted according to law, and may enforce such right in an appropriate proceeding, he cannot resist the foreclosure of a mortgage, given by him to the association as security for a loan, on the ground that its affairs have not been so conducted, or that his contract is itself *ultra vires.*

Appeal from Menominee; Stone, J. Submitted December 12, 1901. (Docket No. 179.) Decided September 30, 1902.

Bill by the Menominee Loan & Building Association against John Lovell and Martha M. Lovell to foreclose a mortgage. From a decree for complainant, defendants appeal. Affirmed.

*W. H. Phillips* (*H. O. Fairchild*, of counsel), for complainant.

*Sawyer & Waite*, for defendants.

HOOKER, C. J. The bill in this cause was filed by the complainant, a building and loan association, to foreclose a mortgage upon defendant's premises. A decree was granted in favor of the complainant, and the defendant has appealed.

Many points are raised in the brief, but the one which is in its nature meritorious is that the defendant was induced to take stock and a loan, according to the plan of business pursued by the complainant, upon the representation that the amount of his indebtedness would be fully paid in eight years if he made certain specified payments monthly. The learned circuit judge, who saw the witnesses, was of the opinion that the defendant had failed to prove the alleged statement that the stock would mature in eight years at the furthest, and we are of the same opinion.

At the time this defendant procured his loan, he was told that he could appear and bid for his loan, or he could send in his bid, and he chose the latter course, authorizing an officer of the company to bid 25 per cent. He asserts that he was informed that the association would not receive bids below 25 per cent., and his counsel insist that a practice that does away with competitive bidding is a noncompliance with the statute, which entitles the borrowing stockholder to a loan for such premium as he may be able to bid it in for. The learned circuit judge found from the evidence that, while a motion to fix a minimum rate of premium at 20 per cent. was made nearly two years before the defendant made his application for this loan, it was not adopted, and that the offer to pay 25 per cent. was volun-

tary. In our opinion, he might have added explicitly, what, perhaps, should be inferred from his language, *i. e.*, that the evidence failed to prove that he was given to understand that competitive bidding below 25 per cent. would not be considered by the directors, and that the evidence does not satisfactorily show that it would not have been. We therefore agree with him that the contract was not usurious.

We are also satisfied that the statements relied upon as warranties were the expressions of opinion, and that they do not affect the contract.

It is said that a rule was afterwards adopted fixing a minimum premium, and that the rule was followed; that there came a time when inducements were offered for the withdrawal or surrender of immature stock; that money was loaned to persons who did not use it for the erection of homes; that nonmembers were induced to become members by the promise of loans; that the defendant was injured by complainant's allowing corporations to become members and obtain loans; compromising disputed claims; referring bids to a committee before they were passed upon by the board; refusing to make a loan to a lady member from Marinette, upon the ground that their business from that locality would not justify it; payment of excessive salaries, etc. Whatever remedies may exist against the continuance of any or all of these practices, they do not constitute a defense to his mortgage, nor does the claim that the contract was *ultra vires*. As a stockholder, he has the right to insist that the business shall be conducted according to law, and may enforce his right by appropriate remedies; but he cannot permit practices which affect others as well as himself, and then claim advantages over them.

The decree is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.